20-1659 Chris Codden v. Manistee Area Pub Schools Bd Arguments not to exceed 15 minutes per side Mr. Nyholt you may proceed for the appellant Thank you very much and may it please the court this is Colin Nyholt on behalf of the plaintiff appellant Christopher Codden Your honors what really troubles me about this case is that we have never had a judge or a jury tell Chris Codden that his claim that he was suffered defamation when Ronald Stoneman made false statements about him was no good we've never had a judge or jury tell him that his claim that he was targeted by the Manistee Area Public School Board by its individual members because of his protected activities is without merit what we've had is a series of technical dismissals dismissals for technical reasons and you know for that reason we're going to spend a lot of time talking about procedure and not really about the meat and bones of the case tell me this why did you not bring your 1983 first amendment action in the state court I wasn't his lawyer at the time his lawyer at the time indicated to him after the fact that he had personal friendships with the individual members of the school board which is probably why he didn't look more into bringing individual capacity claims at the time and that's you know a problem when you kind of pick up a case after one council you're you're left with what's left that's that's why can I ask you about the individual capacity claims which is it seems to me if I look at your state court complaint and the state court motion to dismiss you repeatedly say plaintiff argues Stoneman was acting and I'm quoting outside the scope of his authority so why aren't those why isn't that the telltale language of individual capacity um and then in the district court or the state trial court opinion I'm sorry the state trial court says you were arguing both he was acting within and outside of his scope of authority well I think by the end the reason it dismissed was because of Michigan's government mental immunity standpoint instead that he was acting as an official and dismissed him because he was an official I think that's inconsistent with saying that there are claims pending against him as an individual because if there were claims pending against him as an individual the government immunity wouldn't have precluded him from bringing but I thought what the state trial court said and you can correct me if I'm wrong is that he was acting in his you argued or your colleague argued that he's acting outside the scope of his authority you filed a complaint saying he was acting outside the scope of his authority and on his own behalf at times and so how do we deal with that I mean if you file that complaint the state court doesn't rule on it you can file a motion for reconsideration but we have to assume once there's final judgment on a complaint that appears to us to make individual capacity claims what I think is the most relevant portion of that is in their argument they argued that the claim had been distilled down significantly from what was written in the complaint of what was actually ruled on on summary judgment and what was argued by the defense at summary judgment is that the claim was against Stoneman acting as a as an official not as an individual they argued that and under our judicial estoppel concept they really can't turn around and have it both ways at this point say well no it was really an individual claim as well you couple that with the fact that the dismissal was based and why would that apply to you too we usually apply the goose gander rule I'm sorry we usually apply the good like what's good for the goose is good for the gander why aren't you similarly estopped since in your complaint you claimed he acted in his individual capacity and you argued that to the trial court well because it because of the summary judgment phase that isn't what was argued that that's I read the individual actions as contextual allegations to the official capacity claim at that point because what they argued on summary judgment was that look he was acting as an official he was acting as an official when he made these statements to the uh to the newspaper the claim was that was ruled on summary judgment was significantly different than what was originally planned you know in the order the state court order of dismissal acknowledged that you had sued or your client and sued stoneman both individually and in his capacity as superintendent that's the first line of the state court order isn't it but again the the dismissal was based on michigan's governmental immunity if there were individual claims that wouldn't have been appropriate for them to do so well but the entirety of the dismissal was based on government immunity right but if you had sued if your client sued stoneman individually as well as officially uh in the state court action why would you have a right to sue him again here in federal court well because because he never had a final adjudication on any individual claims against him it was dismissed entirely because of government immunity well maybe that's just because you didn't bring a 1983 first amendment action in the state court which you clearly could have done right if he were legitimately in there as an individual in both side both the defendant and the plaintiff said on summary judgment that he was being sued as an official and that's what and that was the basis of the court i gave the language in our briefing but that was you know what both sides seem to concede at walking into summary judgment right but race judicata applies not only to what you did claim but what you could have claimed in other words the idea is you don't get multiple bites at the apple that's the whole idea of race but i think the characterization that the parties agreed to at the end that he was sued as an official is what should govern i mean there's you know some the pleadings in the in the lower court i wasn't in or not you know opposition that we can ignore the complaint and what they and what the state court said and just look to what they argued well i think in terms of claim we look at what the court actually did and what it said and what it decided and um what it what it cited what it ruled here is that governor munich precluded this because both sides conceded that it was a claim against stoneman acting as an individual even though there may have been comments in the complaints i think for the individual you said acting as an individual or acting as official capacity as an official no you said individual i i misspoke okay what about the boy go ahead are you arguing that if you have a single transaction or a constellation of a serious or related transactions um but several claims that you could take that one transaction and split the claims up and bring suit for some of them and state court and others and federal court is is that essentially your argument here no essentially my argument is that because he was sued as an official before it doesn't preclude an individual claim against him later and that's consistent with mitchell v chapman and also wildfung um mitchell v chapman 343 f 38 11 the sixth circuit decision and also michigan wildfung versus fireman's fund insurance company 181 mishap 110 1989 both of which said that when you've sued a party as an official it doesn't preclude later suit against them as an individual i think it's um it's kind of so if we decide there was an individual suit or the opportunity to bring an individual suit and state court then you'd be out of luck here well no you'd have to find that there was an individual so there was an opportunity to bring one i mean that's exactly what happened to mitchell v chapman as he sued well the officials as officials of course the problem with that that means you could split your uh claims up arising out of one uh transaction and and bring multiple claims just by by denominating a suit as uh for individual or claims or not in one form or the other that sort of leaves it to the individual to bring uh multiple claims which would defeat the whole purpose of race judicator well but that's consistent with mitchell v chapman which specifically said the rule of different capacities generally operates to allow a subsequent individual capacity suit against a government official even when a prior suit allowed an official capacity claim against the same official we are relying on precedent and taking that action that you just outlined there anything further can i ask real quick about the board members and why don't they have a substantial identity of interest with uh maps well because um intermissions concept howell versus vetoes trucking under the requirement of privity only parties to the former judgment or their privies may take advantage to be bound by it and the establishment is mutual if the one taking advantage of the early adjudication would have been bound by it had it gone against him so really the question here your honor is very simply had codden won his judgment against ronald stoneman as an official could he have then enforced the judgment against the individual board members as individuals i think the answer to that is clearly no you know we're not going to jump from a judgment against the man's office to securing means of judgment against individual officers under these circumstances so i think that certainly defeats the identity of interest at this point you know but with michigan's clear stand clear statute clear uh case law here i have nothing further all right i would defer to a rebuttal okay oh sure okay we'll hear from opposing council good morning your honors and may it please this honorable quote i'll wait for the uh courtroom timer i apologize good to go all right good morning your honors and may it please this honorable or honorable court christopher marker here on behalf of the appellees and defendants in this case i'd first like to start out by saying that finality in litigation is important protracted litigation when an individual chooses to bring certain claims and not to bring others loses on those claims and then chooses to repackage them in a different manner is not uh something that is established in michigan law and it's exactly why we have rest you to cop or rest you to kata principles first of all as it relates to rest you to kata it's been admitted that there was a prior decision on the merits that disposed of the previous case that's not disputed in any of the briefing here with as it relates to the third issue in this case that the matter in the second case was or could have been resolved michigan applies the transactional test and under the transactional approach here we look at a claim and it's viewed in end or it's it's viewed in its factual terms so if we look at this case question about the board members how is there a substantial identity of interest between maps and the board members in their individual capacity candidly i'm struggling with this one sure so as it relates to maps and the individual board members we've argued that uh based upon michigan established precedent they were agents who had their principal manistee area public schools or an employee employer relationship as deprivity now with regards to the substantial identity of interest if we look to wild fong that case and we've cited to the final sentence within the quote that was previously cited by the appellants council in this case and it essentially states that if the interest were so intertwined so that the individual had a personal interest in the litigation then it works to activate privity in this case so as it relates to the wild phone case that's the case that involved a release after individual plaintiffs sued it well they sued in their official capacity as um as corporate representatives against an insurance company on an arson claim they then settled that case that very day they filed a second lawsuit claiming that they uh were entitled to damages in their i'm sorry wild fong involved the same parties right edwin and lula wild fong both in their official in the first suit and their individual in the second right and as clearly i'm sorry to interrupt you but they clearly i apologize substantial identity of interest so and if you look at the reasoning within wild fong what the court did is it said that these individuals had the ability to control the litigation to drive the litigation they had interest in the outcome of the proceedings and the same is true as to the ministerial public school school board members here but hold on this the court in wild fong said it was very clear that they were asserting and protecting their individual rights in the first suit whereas here no one's asserting and protecting the individual rights of the board members actually to the and your honor to the contrary in based upon the reasoning within wild fong and as you've laid out uh ministerial public schools and the board members are connected through a fiduciary relationship ministerial public schools cannot act without the action of the board members in fact in the first suit and in this second suit it's the actions in dismissing or terminating mr codden's employment that was ratified by the board members at issue let me ask you the flip side just real and then i'll be quiet which is if the plaintiff would have won against maps you're saying that would have preclusive effect on the board members in their capacity so they could be personally liable no your honor and that's because he didn't file a lawsuit against them as parties in that action however i'm saying if he filed a subsequent lawsuit i'm sorry if he if he had fought i apologize i guess i don't understand the question so just flip this case around if he won what's the effect on maps on the board members i'm sorry sure if he had won in the lower court that doesn't necessarily entitle him to damages against the individual board members because he didn't file a lawsuit against them however as to privity and especially based upon the reasoning within the wild fawn case these individual board members and we can't control what the plaintiff does and how the plaintiff brings their claims or how they choose to litigate their case however these individual board members did have a substantial interest in defending the decisions that they made in terminating mr cotton in keeping their jobs if they were wrong and controlling the litigation it's true that i personally sat with these individual board members during the 2016 litigation in order to counsel them on the outcome of the litigation and how things were proceeding you've conceded the point wild fawn keeps making which is you say no they wouldn't get preclusive effects effect against the board members but one of wild fawn's premises and i'm quoting was that they stood to gain or lose the most in the initial lawsuit and here the board members would have lost nothing in the initial lawsuit they stood to lose potentially their positions as board members they stood to lose uh so did they individual if they cared so much they didn't intervene if they were going to lose their board member positions well your honor they were members to the litigation as ministerial public schools cannot act without the actions of its board members the board members well just a question would if if you're if if you're individual if the board members had been sued and had lost the case would the school board i mean would the school system have indemnified them uh your honor i believe so uh but i can't speak to that specifically because they were agents and or employees of the school district at the time that uh the previous lawsuit was initiated i'm just wondering if there's anything in the record say of this current federal suit about whether the school system does or does not indemnify its board members and it i don't know that it's in the record but it does indemnify its board members to the extent that they are its fiduciary representatives i assume that they fought i mean you're the well the plaintiff was fired i guess because of their official action right that's correct your honor and if you this action while you may say that they're sued in their individual capacity it's all relating to uh and it's stated right in the plaintiff's complaint that this or the allegations relate to defendant's actions towards plaintiff during the course of his employment and these individuals are named as board members uh throughout the complaint with us with a slight um i guess half a sentence saying that oh they're they're sued in their individual capacity but there's nothing in here that says that anything that they did was outside of the scope of their authority and there's no facts to substantiate it within the complaint but then wouldn't that be a ground for a motion to dismiss perhaps a separate ground your honor but we chose to file pursuant to the rest of the principles that we've argued in the lower court we're arguing here okay how do i just hear you how do you distinguish the two cases that are relied on by plaintiff's counsel i apologize the the case of wild form um i've spoke on that one is there a separate case that you'd like me to address there was i forget the name of it the other case was mentioned by plaintiff's counsel oh it's mitchell v chapman i apologize that's a kentucky or that that is a case that arose out of the i believe it's the eastern district or western district of kentucky it's not controlling law in this case specifically uh you know that's that's within or as stated within our briefing uh this court has to rely upon michigan case law for its determination as to restrict a kind of principles and if we look at the mitchell case it's based upon a case that came from kentucky and it relied on four elements as opposed to three elements for us judicata and as to privity they applied what's called the course of proceedings test as opposed to the test that's applied in michigan cases it's frankly not applicable in this case you know anything a lot more your honors i don't have uh much further other than to say that um i don't know that there's a dispute that there was a working functional relationship between ministry of public schools and all of the named defendants in this case again they were fiduciary agents and or employees of the school district in the first instance and they remain so today if your honors don't have any further questions i'd rely upon my briefing all right we'll uh do rebuttal at this time yeah just um you know a few extra thoughts on the uh the individual um board members i mean reading through brother council's brief they cite a um logan versus it's an unemployment case um for the for the definition of agency and then they have this other it's a dare case that um is a is a lawsuit by multiple school districts against the state of michigan alleging constitutional violations and violate you know what they don't really give us is any case law that points to their thesis that because there's an agency relationship there's privity and therefore residue and you know howell versus dito's trucking says that if there's going to be rescue dakota the person taking advantage of it has to have been bound by the judgment these individual board members could not have been bound by the original plan against them they didn't stand to lose you know they could have lost their positions as um if codded one and if somebody had decided to remove them because they're mad they could have won they could have lost their positions they stood to lose nothing actually directly because of the lawsuit there was no judgment that could be against and they couldn't the court sure couldn't order them to be fired on anything that was in front of that time um so i don't really think that that gets them to being the sort of position where they're they have a direct interest in the outcome of the litigation where they should be able to take advantage of preclusive effect going forward and kind of bootstrap onto it number two the mitchell v chapman case that is a more important case than brother counsel seems to indicate what all of this rule of different capacities comes to is it boils down to the restatement of judgments it's a concept you know basic to law that if a party is sued in one capacity it's not res judicata against the later suit against them in a capacity i gave you mitchell because the court got very deep into the nitty gritty of it and considered it in a situation just like this one where somebody was trying to use it in a 1983 suit that had been brought against people in an official and then later in an individual capacity this isn't an alien strange legal concept that that came out of the air it came out of the the restatement restatement of judgments and michigan applies the same reasoning and that's what wildflown tells us so you know mitchell is certainly at very least strongly suggestive authority because of this very good discussion of how rule of different capacities works where it comes from why it's important and how it works and in fact just like the case that we're and wildflown tells us that michigan court would probably apply those because it applies the same reasoning in the same time in the same restatement of judgments in the same reasoning do you have any case you can cite in the school system versus school board context like here in this specific case with res judicata involving a school board suit no i don't think it's ever been considered in this these specific circumstances we're kind of having to piece it together from other things but i think that the cases that we've given you are a lot closer than the adairs you know they cite the adairs case about six different times and it's a case of multiple school districts suing the state of michigan for constitutional violations violations of the hadley amendment and we're talking about res judicata it was the effects of one school district's ability to enforce the rights of another school district you know mitchell vs chapman is looking at a situation where somebody's bringing brought an earlier claim and then is bringing 1983 claims it's a claim involving individuals suing individuals and wild thong is right on here because it's again individual claims and it's looking at michigan we apply this circumstance unless the individuals have you know a similar interest in the outcome of the litigation which was not present here if there are no further questions i uh i would defer my next minute and a half all right well i think that completes our argument and the case uh is submitted